IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:19CR12 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| REGINALD FERGUSON, | ) | UNITED STATES' TRIAL BRIEF |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through its counsel, Justine E. Herdman, United States Attorney, and Margaret A. Kane and Payum Doroodian, Assistant United States Attorneys, respectfully submit the following trial brief in accordance with this Court's Trial Order.

**I.     CONTROLLING LAW**

The Indictment charges Defendant Reginald Ferguson with possessing a firearm after being convicted of an offense punishable by imprisonment for more than one year. The relevant statute on this offense is Title 18, United States Code, Section 922(g)(1), which provides:

> It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year … to … possess in or affecting commerce, any firearm or ammunition….

18 U.S.C.§ 922(g)(1). To sustain its burden of proof for this crime, the United States must prove all of the following elements beyond a reasonable doubt:

> 1:  That the defendant had been convicted of a crime punishable by imprisonment for more than one year;

    2: That the defendant, following his conviction, knowingly possessed the firearm specified in the Indictment; and,

    3: That the specified firearm crossed a state line prior to the alleged possession.

Sixth Circuit Pattern Jury Instruction No. 12.01, 2017 Edition; *United States v. Kincaide*, 145 F.3d 772, 782 (6th Cir. 1998).

**II.**  **ANTICIPATED EVIDENTIARY ISSUES**

  A.  STATEMENT OF THE FACTS

If this case proceeds to trial, the United States intends to offer evidence of the following:

On October 25, 2018, at approximately 10:15 p.m., Cleveland Police Department Second District Detectives were in the area of 3229 West 73rd. Street, Cleveland, Ohio, searching for a witness in an unrelated investigation. Officers observed a vehicle running in the apartment complex parking lot with a male occupant, later identified as Reginald Ferguson, in the driver's seat. Officers approached the male to see if he could help officers gain entry to the apartment unit or if he knew the female witness they were attempting to locate.

Ferguson was reluctant to roll the vehicle's window down. Officers observed a firearm sitting on top of the backseat in plain view. Officers asked to speak to Ferguson and in response he put the vehicle in reverse and backed up stopping at the rear of the parking lot. Officers gave loud, clear, commands to place the vehicle in park and turn off the vehicle. Ferguson stated that "he just wanted to go home." Officers repeated commands to place the vehicle in park, and he finally complied. The male was placed into handcuffs without further incident. Heroin needles were sticking out of the male's left pocket.

Ferguson was searched incident to arrest. He admitted that he was a drug user and further stated that the vehicle belonged to his girlfriend. Two needles with fluid were located on Ferguson's person along with a bag of suspected heroin. Another needle with suspected heroin

2

was also located in the vehicle's center console. The firearm located in the backseat, a Cobra, model CA-380, .380 caliber pistol, bearing serial number CP086223, was loaded with five rounds of ammunition. On scene, Ferguson denied knowledge that the gun was in the vehicle but stated "I know I was dirty."

Ferguson provided conflicting statements to police on scene regarding the firearm recovered. All are captured on police body camera. Ferguson first stated that it was not his car and that a dude said he could drive his car until he sold it. He stated this dude lived in the apartment complex. Ferguson then informed police that the vehicle was his fiancé's, but he did not know that the firearm was in the vehicle. Later on, Ferguson stated that he was in the area to buy drugs and a guy named Jimmy sat in his backseat and then left the firearm when he exited the vehicle. He stated that Jimmy was still in the apartment complex.

The vehicle is registered to Ferguson's girlfriend, Ebony Williams. In a phone interview Williams stated that the gun found in the vehicle was not hers. She stated that Ferguson had been using her car a lot that month and that the car was for both of them to use. Williams stated that Ferguson took her to a doctor's appointment in the morning on October 15th, and that Ferguson dropped her off at home at 2 p.m. Ferguson had the vehicle for the remainder of the day until his arrest.

Following Ferguson's arrest, detectives monitored his recorded jail calls. Ferguson informed a female "I got pulled over; I got caught with that gun." At the end of this same phone call, the female states, "I told you to leave that gun at home; I told you not to leave the house with that gun." In another phone call Ferguson stated that the gun was on the passenger seat floor and he tried to push it down when he saw police. The female that he was speaking with stated, "I begged you to leave that gun at the house."

3

The weapon and ammunition recovered all had previously moved in interstate commerce. At the time of Ferguson's arrest he was prohibited from possessing a firearm because of prior disqualifying convictions.  Certified records obtained by TFO Robert Norman show that Reginald Ferguson has convictions for:  Aggravated Burglary with Firearm Specification and Bribery, in Case Number CR-10-535111, in the Cuyahoga County Common Pleas Court, on or about April 30, 2010; Robbery, in Case Number CR-10-534775, in the Cuyahoga County Common Pleas Court, on or about April 30, 2010; Aggravated Robbery with Firearm Specification and Felonious Assault with Firearm Specification, in Case Number CR-01-407108, in the Cuyahoga County Common Pleas Court, on or about September 21, 2001; and Robbery, in Case Number CR-00-393473, in the Cuyahoga County Common Pleas Court, on or about March 16, 2001.  Ferguson had knowledge of his felony convictions.

B. AUDIO RECORDED PHONE CALL AND TRANSCRIPTS

The United States intends to introduce excerpts from approximately two recorded phone calls that the Defendant placed while in custody.  These calls have all been provided to defense counsel along with police reports summarizing the content of the calls.  Additionally, the government will prepare a transcript of portions of the calls that will play contemporaneously with the phone calls which will be provided to defense counsel.  The relevant pattern jury instruction regarding transcripts as an aid in receiving recorded evidence will also be provided to the Court.

The Federal Rules of Evidence require evidence to be authenticated or identified through a showing "sufficient to support a finding that the matter in question is what its proponent claims." *Fed.R.Evid. 901(a).* By way of example, this can be satisfied with testimony from a witness with knowledge of the matter. *Fed.R.Evid. 901(b)(1).* For voice identification, opinion

4

testimony by someone who heard the voice "at any time under circumstances connecting it with the alleged speaker" can be used for authentication. *Fed.R.Evid. 901(b)(5)*. Courts have permitted a detective and adult parole authority officer to identify voices on a jail call based on prior conversations the officers had with the parties when they became familiar with the voices at any time during the pendency of the investigation or case. *United States v. Simms*, 351 Fed.Appx. 64 (6th Cir. 2009). *See also United States v. Cooke,* 795 F.2d 527 (6th Cir. 1986); *United States v. Rizzo*, 492 F.2d 443 (2nd Cir. 1974). Copies of tape recordings are admissible when a proper foundation is laid as to the copies' accuracy and authenticity. *United States v. DeJohn*, 368 F.3d 533 (6th Cir. 2004).

Detective Robert Norman retrieved these phone calls using the jail call phone system maintained by the Cuyahoga County Corrections Center. Detective Norman will be able to testify as to how this system works, how calls are retrieved, and how these calls are associated to the Defendant. Detective Norman is also familiar with the Defendant's and his fiancé's voice from his investigation. This familiarity was gained through listening to multiple calls as well as hearing the voices on previous days. A representative of the Cuyahoga County Detention Center will also be able to describe how jail calls are stored, retrieved, and linked to the Defendant. The testimony of this witness will be sufficient to admit the recorded phone calls placed by the Defendant while in custody.

      C.      DEFENDANT'S SELF-SERVING EXCULPATORY STATEMENTS

It is well-settled that defendants cannot seek to introduce their own self-serving exculpatory statements. *United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005) (citing *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996), *cert. denied*, 522 U.S. 934 (1997)). Indeed, while the Federal Rules of Evidence allow the government to introduce inculpatory

statements made by a defendant, the "Rules do not, however, provide an exception for self-serving, exculpatory statements made by a party which are being sought for admission by that same party." *Id.* Thus, while the government is permitted to introduce some or all of a defendant's statements against him as non-hearsay admissions of a party-opponent under Rule 801(d)(2), a defendant is not permitted to introduce his own statements under the same Rule.

This rule applies equally to the evidence the defendant seeks to introduce in his own case as it does to the evidence he tries to elicit through the cross-examination of witnesses. Because the government may be introducing portions of the defendant's statements, primarily in the form of audio recorded phone calls, it anticipates that the defendant may seek to introduce other portions of the phone calls into evidence pursuant to Rule 106. The "rule of completeness," however, does not override the prohibition from admitting self-serving, exculpatory statements. *Gallagher*, 57 Fed. Appx. at 628-29. The "completeness doctrine embodied in Rule 106 should not be used to make something admissible that would otherwise be excluded." *Id.*, *quoting Trepel v. Roadway Express, Inc.*, 194 F.3d 708, 718 (6th Cir. 1999); *see also United States v. Costner*, 684 F.2d 370, 373 (6th Cir. 1982). If the government were seeking to mislead the jury regarding the actual meaning of one of the defendant's admissions, the completeness doctrine might be implicated. That, however, is not the case here.

D.  SELF AUTHENTICATING CERTIFIED COPIES OF PUBLIC RECORDS

The United States intends to introduce certified records of the Defendant's prior convictions. Fed. R. Evid. 902(4) provides in pertinent part that "no extrinsic evidence of authenticity" is required in order to admit certified copies of public records if the copy is certified as correct by "the custodian or another person authorized to make the certification." Here each record of conviction is certified as true and accurate by the Cuyahoga County Clerk of

6

Courts. As such the evidence of Defendant's prior convictions are admissible as self-authenticating public records.

### III. TRIAL DOCUMENTS

#### A. STIPULATIONS

The United States has submitted the following potential stipulations to defense counsel. These stipulations relate to the Defendant's prior criminal conviction and the interstate nexus element of the firearm and ammunition. The proposed stipulations are as follows:

The United States and the Defendant have agreed and stipulated that prior to the date of the crime charged in the indictment, Reginald Ferguson was convicted of a crime punishable under the laws of the State of Ohio by a term of imprisonment exceeding one year and the Defendant had knowledge of this conviction.

The United States and the Defendant have also agreed and stipulated that the Cobra, model CA-380, .380 pistol, bearing serial number CP086223, was manufactured outside the state of Ohio, and therefore traveled in an affected interstate commerce. The United States and the Defendant have also agreed and stipulated that the five (5) rounds of .380 caliber ammunition, were manufactured outside the state of Ohio, and therefore traveled in and affected interstate commerce.

Should the Defendant not accept the above proposed stipulations, the United States will prove the elements through the necessary witnesses and documents.

#### B. PROPOSED JURY INSTRUCTIONS

The United States has submitted proposed jury instructions to defense counsel on the law applicable to the particular charges for which the defendant is on trial.[1] A single joint

---

[1] The Government and defense counsel added language in the proposed jury instructions to the first element of being a convicted felon in possession of a firearm to cover that the Defendant had knowledge of his prior conviction given

7

submission of jury instructions shall be filed and hand-delivered to the Court by the date required in the Court's Trial Order.

### C. PROPOSED *VOIR DIRE* QUESTIONS

The United States respectfully requests that the Court direct the proposed questions filed under Doc. #28 to the jury panel during *voir dire* examination.

### D. EXHIBIT AND WITNESS LISTS

The United States will provide its anticipated Witness List to the Court prior to trial. The United States will also file its proposed Exhibit List prior to trial. The United States will mark all proposed exhibits before trial in accordance with the Court's Order.

## IV. COURTROOM PROCEDURE

### A. JENCKS MATERIAL

The United States will provide *Jencks* material to the defense in a timely manner and in accordance with this Court's Order.

### B. SEQUESTRATION OF WITNESSES & PRESENCE OF GOVERNMENT AGENT AT TRIAL

The United States respectfully requests that the Court issue a witness-sequestration order pursuant to Federal Rule of Evidence 615. The government designates Detective Robert Norman with the Cleveland Police Department currently assigned to the Bureau of Alcohol, Tobacco, and Firearms (ATF) as a task-force officer (TFO) as its representative in this case to be present at counsel table throughout the trial. Their presence in the courtroom during trial is essential to the presentation of the government's case. *See* FED. R. EVID. 615(b) (specifically excluding from a sequestration order "an officer or employee of a party that is not a natural person, after being

---

the case *Rehaif v. United States*, No. 17-9560, currently pending before the United States Supreme Court. It is anticipated that the Defendant will stipulate that he had previously been convicted of a crime punishable by imprisonment for more than one year and that he had knowledge of this conviction.

8

designated as the party's representative by its attorney"); FED. R. EVID. 615(c) (providing an additional exception for essential witnesses).

## V. ESTIMATED LENGTH OF TRIAL

The United States anticipates completing its case-in-chief in approximately two days.

## VI. CONCLUSION

The United States is prepared to submit additional briefing on any issue should the Court or circumstances require.

    Respectfully submitted,

    JUSTIN E. HERDMAN
    United States Attorney

By:   /s/ *Margaret A. Kane*
    Margaret A. Kane (OH: 0082084)
    Payum Doroodian (DC: 1035376)
    Assistant United States Attorneys
    United States Court House
    801 West Superior Avenue, Suite 400
    Cleveland, OH 44113
    (216) 622-3624/(216) 622-3731
    (216) 522-7358 (facsimile)
    Margaret.Kane@usdoj.gov
    Payum.Doroodian@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this May 23, 2019, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ *Margaret A. Kane*
Margaret A. Kane
Assistant U.S. Attorney