UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **REGINALD FERGUSON,** | ) | CASE NO. 1:19 CR 012 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| | ) | |
| | ) | |

This matter comes before the Court upon Reginald Ferguson's ("Petitioner") pro-se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (ECF #94). The government filed a Response in Opposition and Petitioner filed a Reply. (ECF #98, #108). This matter is now fully briefed and ready for disposition. For the reasons set forth herein, the petition (ECF #94) is DENIED.

## I. PROCEDURAL BACKGROUND

On January 8, 2019, a federal grand jury in the Northern District of Ohio charged Petitioner in a one-count indictment with Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1). (ECF #1). On May 24, 2019, Petitioner moved to suppress the evidence obtained during the search of his car, and this Court denied Petitioner's motion. (ECF #54). After the denial, Petitioner pled guilty to the indictment. (*Id.*). On September 11, 2019, this Court concluded that Petitioner's total offense level was 21 and sentenced Petitioner to

a 77-month term of imprisonment. Petitioner filed a timely notice of appeal, and the Sixth Circuit Court of Appeals affirmed his conviction on June 3, 2020. (ECF #45, #47, #61). Petitioner also filed a writ of certiorari with the U.S. Supreme Court, which was denied on June 24, 2021. (ECF #71, #93). In addition, Petitioner filed a Motion for Compassionate Release, which this Court denied on November 24, 2020 (ECF #64, #65, #66, #67, #75). Subsequently, Petitioner filed a Motion for Reconsideration of his Motion for Compassionate Release, which this Court denied on January 13, 2021. (ECF #76, #78, #83). Petitioner timely appealed this Court's denial of his Motion for Reconsideration, and the Sixth Circuit Court of Appeals affirmed this Court's order on June 14, 2021. (ECF #84, #92). On July 30, 2021, Petitioner filed the instant Motion to Vacate under 28 U.S.C. § 2255. Petitioner claims (1) that he was seized and arrested without reasonable suspicion or probable cause in violation of the Fourth Amendment of the United States Constitution; (2) that he was denied the right to effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution; (3) and, that he was denied the right to due process in violation of Fifth Amendment of the United States Constitution.

## II.  STANDARD OF REVIEW

A. Standard for Relief under § 2255

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or, (4) it is otherwise subject to collateral attack. In order to obtain relief under § 2255, a petitioner who entered a guilty plea

"must demonstrate the existence of an error of constitutional magnitude" that had a "substantial and injurious effect or influence" on the plea. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

B. <u>Ineffective Assistance of Council</u>

For Petitioner to prevail on an ineffective assistance of counsel claim, he must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that the proceedings were unfair, and the result was unreliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This requires a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id.* Judicial scrutiny of counsel's performance must be "highly deferential," as defense counsel's competence is presumed. *Id.*; *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). Petitioner must rebut this presumption by proving, not simply alleging, that his attorneys' representation was unreasonable under prevailing norms and that the challenged actions were not sound strategy. *Kimmelman*, 477 U.S. at 347.

3

### III. ANALYSIS

A. <u>Seized and Arrested without Reasonable Suspicion or Probable Cause</u>

Petitioner alleges that he was seized and arrested without reasonable suspicion or probable cause in violation of the Fourth Amendment of the United States Constitution. Petitioner claims that the district court used a detective's false testimony to establish reasonable suspicion and probable cause. Petitioner states that the detective gave false testimony by affirming that according to the Ohio laws, an individual cannot have a loaded firearm out in a motor vehicle, even with a permit.

Petitioner alleges that on appeal, he raised the argument that detective's statement was false, but the appellate court did not address that issue. Rather, the appellate court relied on the fact that Petitioner did not notify the police officers, when they approached him, that he had a permit and a firearm. Petitioner also argues that the government did not advance that argument in its appeal brief and that our adversarial legal system only allows judges to serve as referees. Further, Petitioner alleges that the Ohio law only requires an individual to inform an officer of having a firearm during a legal stop, not a consensual encounter.

Finally, Petitioner alleges that the law-of-the-case doctrine does not apply in this instance because the finding at the evidentiary hearing and the decision of the appellate court was based on the detective's false testimony concerning the law in Ohio. Petitioner also submitted a sworn declaration from a concealed carry instructor to support the argument that the detective's testimony was false. Further, Petitioner states that the appellate court did not address the issue of whether the detective's testimony was false even though he raised that argument on appeal.

4

To determine the constitutionality of a brief investigatory stop, a court needs to "examine the totality of the circumstances to see whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing, taking into account the inferences that officers may draw from their experiences and specialized training that might well elude an untrained person." *United States v. Brown*, 447 Fed. Appx. 706, 711 (6th Cir. 2012) (internal quotation marks and citations omitted). Further, the law-of-the-case doctrine states that once a court has decided an issue at one stage that decision should generally be given effect in successive steps of the same litigation. *United States v. Graham*, 327 F.3d 460, 464(6th Cir. 2003); *United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990). That doctrine renders a determination by the court of appeals binding upon the district court in subsequent stages of the same litigation. *United States v. Haynes*, 468 F.3d 422, 426 (6th Cir. 2006). The only instances where a court can reconsider a prior ruling is where "(1) substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice." *Id.* (internal quotation marks and citations omitted). Unless extraordinary circumstances exist, a court should not reconsider a matter previously decided. *United States v. Garcia*, 496 F.3d 495, 514 (6th Cir. 2007).

Here, an extraordinary circumstance does not exist to reconsider the issue of whether Petitioner was seized and arrested without reasonable suspicion or probable cause. The Sixth Circuit specifically held that this Court did not err when it determined that although the initial approach was a consensual encounter, that approach became a seizure when the detective saw the firearm in the backseat of Petitioner's car. (ECF #61). The appellate court clarified that seeing a firearm in the backseat provided reasonable suspicion of criminal activity. *Id.* The court

5

explained that unlike openly carrying a firearm on one's person, which is presumptively lawful, having an unsecured loaded firearm in a motor vehicle is not presumptively lawful. *Id.* The court also cited *State v. Higgins* that states that police officers "are not required to verify the existence of a concealed carry license" before conducting a *Terry* stop and can detain an individual to investigate the possibility of a violation of the firearm handling. *Id.* (quoting *State v. Higgins*, No. 104007, 2016 WL 6906307, at *7 (Ohio Ct. App. Nov. 23, 2016)). The court also clarified that the defendant has the burden to establish that he has a concealed carry license with him at the time of the stop. (ECF #61) (citing *State v. Higgins*, 2016 WL, at *7).

Therefore, when detective Norman saw what appeared to be a loaded firearm in the backseat of Petitioner's vehicle, the detective was not required to verify the existence of a concealed carry license before conducting a *Terry* stop and detaining Petitioner to investigate the possibility of a violation of a firearm handling. Because having an unsecured loaded firearm in a motor vehicle is not presumptively lawful, detective Norman had an objective basis for suspecting legal wrongdoing. Hence, even if detective Norman mistakenly testified that, *even with a permit*, a person cannot have a firearm loaded and visible inside a vehicle, the detective did have an objective basis for conducting an investigatory stop. Further, even if Petitioner was not required to notify the detective that he had a concealed carry license when the detective first approached him in a consensual manner, Petitioner still had the burden to establish that he had a concealed carry license with him at the time of the stop.

In conclusion, Petitioner was not seized and arrested without reasonable suspicion or probable cause, and no extraordinary circumstances exist to reconsider that issue.

B. <u>Denial of the Right to Effective Assistance of Counsel</u>

Petitioner alleges that he was denied the right to effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution (1) when at the evidentiary hearing, counsel failed to object to the detective's false expert testimony concerning the Ohio laws; and (2) when trial counsel failed to request that the district court apply U.S.S.G. § 5G1.3 after the court had expressed that it was giving Petitioner credit for the time he had served.

1. <u>Failure to Object to Detective's Testimony</u>

Petitioner claims that he was denied the right to effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution when his attorney failed to object to or challenge the detective's allegedly false testimony concerning the law in Ohio.

Courts often reject ineffectiveness claims for lack of sufficient prejudice. *Bullard v. United States*, 937 F.3d 654, 661 (6th Cir. 2019). Here, even if Petitioner's attorney did not challenge the detective's testimony that a person cannot have a permitted firearm loaded and visible inside a vehicle, the detective did have an objective basis for conducting an investigatory stop. The appellate court clarified that seeing a firearm in the backseat provided reasonable suspicion of criminal activity. (ECF# 61). Hence, Petitioner has not showed that his counsel's performance prejudiced him to the extent that the proceedings were unfair, and the result was unreliable.

2. <u>Failure to request the application of U.S.S.G. § 5G1.3</u>

Petitioner also alleges that he was denied the right to effective assistance of counsel when trial counsel failed to request that the district court apply U.S.S.G. § 5G1.3 at his sentencing.

7

Petitioner states that the district court gave him credit for the time that he had already been in custody, but his attorney did not request an adjustment to his sentence to reflect the time that Petitioner had already spent in state custody. Petitioner claims that because of this failure, the Bureau of Prisons only credited the five months twenty-eight days that he had spent in federal custody.

Under § 3585(b), the Bureau of Prisons is responsible for determining the credit available to prisoners, and the district court cannot compute the credit at sentencing. *United States v. Wilson*, 503 U.S. 329, 334-35 (1992). However, when the district court "has determined that the federal sentence and the undischarged state sentence will run concurrently," U.S.S.G. § 5G1.3 requires the district court to grant sentencing credit for the time defendant has already served on the undischarged state term. *United States v. Griffin*, 63 Fed. Appx. 798, 802 (6th Cir. 2003).

Here, the district court did not determine that the federal sentence and an undischarged state sentence will run concurrently. Therefore, the district court gave Petitioner credit only "for time served in federal custody." (ECF # 42). There is no indication that the judge would have granted a request to credit Petitioner for the time he had already serve in state custody. Thus, the defense attorney was not ineffective for failing to request it, and there is no prejudice to the petitioner.

C. <u>Denial of the Right to Due Process</u>

Petitioner alleges that he was denied the right to due process in violation of Fifth Amendment of the United States Constitution (1) when at the evidentiary hearing, the prosecution solicited or allowed detective Norman to give false testimony concerning the Ohio laws, and violated its duty of candor by falsely representing that detective testimony was not false on appeal; and, (2)

when he was wrongfully enhanced ten offense levels per U.S.S.G. 2K2.1(a)(2) for two prior state convictions that lack sufficient *mens rea* to qualify as crimes of violence.

1. <u>Soliciting or allowing false testimony and violating a duty of candor</u>

Petitioner claims that he was denied the right to due process when, at the evidentiary hearing, the prosecution either solicited or allowed detective Norman to give false testimony concerning the Ohio laws. Petitioner states that the detective gave false testimony by affirming that according to the Ohio laws, an individual cannot have a loaded firearm out in a motor vehicle, even with a permit. Petitioner also alleges that the prosecution violated is duty of candor by falsely representing, at the appellate court, that the detective testimony was not false. Petitioner argues that by making the statement that Petitioner could not show that the testimony was false, the government implied that the detective's testimony regarding the law in Ohio was true.

To prevail on a denial of due-process rights, the Petitioner "must show that the Government knowingly presented false testimony that materially affected the proceeding." *Monea v. United States*, 914 F.3d 414 (6th Cir. 2019) (internal citation omitted). Mere inconsistencies are not enough to sustain a claim of perjury. *Id.*

Here, Petitioner has not showed that the Government knowingly presented false testimony that materially affected the proceeding. The appellate court clarified that seeing a firearm in the backseat provided reasonable suspicion of criminal activity. (ECF # 61). Hence, even if detective Norman's testimony was mistaken, that testimony did not materially affected the proceeding because the detective did have an objective basis for conducting an investigatory stop.

9

2. <u>Being wrongfully enhanced ten offense levels</u>

Petitioner also claims that he was denied the right to due process when he was wrongfully enhanced ten offense levels per U.S.S.G. 2K2.1(a)(2) for two prior state convictions that lack sufficient *mens rea* to qualify as crimes of violence. Petitioner cites *Fullum v. United States*, 2017 U.S. Dist. LEXIS 108833 (N.D. Ohio Mar. 31, 2017), which stated that robbery and aggravated robbery do not expressively state a culpable mental state, and consequently, those crimes only require reckless conduct. *Id.* at *5-6. Petitioner also cites *Borden v. United States*, 141 S. Ct. 1817 (2021), which held that crimes "with a *mens rea* of recklessness do not qualify as violent felonies under ACCA." *Id.* at 1834.

Contrary to Petitioner's argument, the Six Circuit overturned the district court holding in *Fullum* and clarified that "Ohio aggravated robbery remains a crime of violence." *Fullum v. United States*, 756 Fed. Appx. 568, 570 (6th Cir. 2018). Further, the Six Circuit Court has also explained that robbery "counts as a violent felony under the element clause." *United States v. Patterson*, 853 F.3d 298, 303 (6th Cir. 2017) (internal citation omitted). Consequently, Petitioner's enhancement was proper.

## IV.

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484.

11

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF #94) is DENIED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: December 1, 2021